# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LYDIA CLADEK,

    *Plaintiff*,

v.

TIMOTHY J. CORRIGAN,

    *Defendant*.

Civil Action No. 25-2066 (TJK)

## MEMORANDUM

Plaintiff, a prisoner proceeding *pro se*, sued a judge of the Middle District of Florida. She alleges that at her sentencing, Judge Timothy J. Corrigan "violat[ed]" his "legal duty under 18 U.S.C. § 1519" by "falsifying the record of sentencing . . . thereby causing the government of the United States . . . to cease to exist for the duration of Plaintiff's sentencing proceeding . . . and thereby causing the Constitution of the United States to cease to exist in every proceeding that followed the sentencing proceeding." ECF No. 1 at 3–4. She seeks punitive damages. *Id.* at 29.

Because any claims against Judge Corrigan are barred by absolute judicial immunity, the Court will dismiss this action sua sponte. *See Klayman v. Rao*, No. 21-cv-2473 (CRC), 2021 WL 4948025, at *2 (D.D.C. Oct. 25, 2021) (dismissing case sua sponte on judicial immunity grounds).[1]

District courts "may *sua sponte* dismiss a claim" under Federal Rule of Civil Procedure

---

[1] *See also, e.g.*, *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (affirming sua sponte dismissal of complaint against the justices of the Supreme Court); *Jafari v. United States*, 83 F. Supp. 3d 277, 278 (D.D.C. 2015) (dismissing sua sponte a claim against the judges of the Fourth Circuit under the Federal Tort Claims Act as barred by judicial immunity); *Yi Tai Shao v. Roberts*, No. 18-cv-1233 (RC), 2019 WL 249855, at *11 (D.D.C. Jan. 17, 2019), *aff'd sub nom. Shao v. Roberts*, No. 19-5014, 2019 WL 3955710 (D.C. Cir. July 31, 2019) (sua sponte dismissing claims for money damages against two California judges as barred by judicial immunity).

12(b)(6) "without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2010) (citation omitted). That principle applies with full force here. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Martinez v. Efman*, No. 14-cv-1451, 2014 WL 6612151, at *1 (D.D.C. Nov. 18, 2014) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)). Judicial immunity is absolute; it "extends even to actions that are allegedly malicious or corrupt," *Sibley v. Roberts*, 224 F. Supp. 3d 29, 37 (D.D.C. 2016), and "cannot be 'overcome by allegations of bad faith or malice,'" *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C.), *aff'd,* 621 F. App'x 676 (D.C. Cir. 2015) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Here, Plaintiff's lawsuit is "predicated on acts" Judge Corrigan allegedly took "in [his] judicial capacity"—namely, at Plaintiff's sentencing. *Klayman*, 2021 WL 4948025, at *3 (citation omitted); *see* ECF No. 1 at 3–4. So her claims are "barred by absolute judicial immunity," and she "fails to state a claim upon which relief may be granted." *Klayman*, 2021 WL 4948025, at *4 (quoting *Caldwell v. Kagan*, 455 F. App'x 1 (D.C. Cir. 2011)). Simply put, the remedy for any alleged mishandling of Plaintiff's case is "an appeal," not "a lawsuit against" Judge Corrigan. *Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014) (internal quotation marks omitted).

      Accordingly, the Court will dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: July 31, 2025